IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FRANK JESE,<br><br>             Plaintiff,<br><br>v.<br><br>TIM DENNIS et al.,<br><br>             Defendants. | **MEMORANDUM DECISION & ORDER REQUIRING SERVICE OF PROCESS**<br><br><br>Case No. 2:16-CV-227 TS<br><br>District Judge Ted Stewart |

Plaintiff, Frank Jese, an inmate at Central Utah Correctional Facility, filed this *pro se* civil rights suit,[1] proceeding *in forma pauperis*.[2] Based on the Complaint review,[3] the Court concludes that official service of process is warranted.  The United States Marshals Service (USMS) is directed to serve a properly issued summons and copy of Plaintiff's Complaint, along with this Order, upon Utah Department of Corrections (UDOC) employee, **Tim Dennis**.

Once served, Defendant shall respond to the summons in one of the following ways:

(A) If Defendant wishes to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendant must,

    (i) within 20 days of service, file an answer;

---

[1] *See* 42 U.S.C.S. § 1983 (2017).

[2] *See* 28 *id.* § 1915.

[3] (Docket Entry # 5.)

(ii) within 90 days of filing an answer, prepare and file a *Martinez* report limited to the exhaustion issue[4]; and,

(iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

(B) If Defendant chooses to challenge the bare allegations of the Complaint, Defendant shall, within 20 days of service,

(i) file an answer; or

(ii) file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

(C) If Defendant chooses not to rely on the defense of failure to exhaust and wish to pierce the allegations of the Complaint, Defendant must,

(i) file an answer, within 20 days of service;

(ii) within 90 days of filing an answer, prepare and file a *Martinez* report addressing the substance of the complaint; and,

(iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

---

[4] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

      In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

(D) If Defendant wishes to seek relief otherwise contemplated under the procedural rules

(e.g., requesting an evidentiary hearing), Defendant must file an appropriate motion

within 90 days of filing his answer.

The parties shall take note that local rules governing civil cases are in effect. All

requirements are important but the most significant here are in motion practice and sealed filings.

This Court will order the parties to refile summary-judgment motions which do not follow the

standards.[5]

Plaintiff is notified that (s)he may, within 30 days of its filing, respond to a *Martinez*

report if desired.  Plaintiff is further notified that (s)he must, within 30 days of its filing, respond

to a motion to dismiss or summary-judgment motion.  Plaintiff is finally notified that, if

Defendant moves for summary judgment, Plaintiff may not rest upon the mere allegations in the

complaint.  Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a summary-

judgment motion, Plaintiff must allege specific facts, admissible in evidence, showing that there

is a genuine issue remaining for trial.

## MOTION TO APPOINT COUNSEL

The Court now addresses Plaintiff's motion for the Court to request *pro bono* counsel to

represent him.  Plaintiff has no constitutional right to counsel.  *See Carper v. Deland*, 54 F.3d

613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

However, the Court may in its discretion appoint counsel for indigent plaintiffs.  *See* 28 U.S.C.S.

§ 1915(e)(1) (2017); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir.

1991).  "The burden is upon the applicant to convince the court that there is sufficient merit to

---

[5] *See* D. Utah Civ. R. 5-2 (Filing Cases and Documents under Court Seal); *id.* 7-1 (Motions and Memoranda); *id.* 26-2 (Standard Protective Order and Stays of Depositions); *id.* 56-1 (Summary Judgment: Motions and Supporting Memoranda).

his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838

(10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of

factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the

claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by

the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926

F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.  Considering the above factors, the Court

concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case

are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately

function in pursuing this matter.  Thus, the Court denies for now Plaintiff's motion for appointed

counsel.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) USMS shall serve a completed summons, a copy of the Complaint,[6] and a copy of this

Order upon the above-listed defendant.

(2) Within 20 days of being served, Defendant must file an answer or motion to dismiss,

as outlined above.

(3) If filing a *Martinez* report, Defendant must do so within 90 days of filing his/her

answer.  Under this option, Defendant must then file a summary-judgment motion within 120

days of filing his/her answer.

(4) If served with a *Martinez* report, Plaintiff may submit a response within 30 days of

the report's filing date.

---

[6](*See* Docket Entry # 5.)

(5) If served with a summary-judgment motion or motion to dismiss, Plaintiff must submit a response within 30 days of the motion's filing date.

(6) Summary-judgment motion deadline is 120 days from filing of answer.

(7) If requesting relief otherwise contemplated under the procedural rules, Defendant must do so within 90 days of filing his/her answer.

(8) Plaintiff's motion for appointed counsel is **DENIED**, (*see* Docket Entry # 6); however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

DATED this 15th day of February, 2017.

BY THE COURT:

JUDGE TED STEWART
United States District Court